# IN THE SUPREME COURT FOR THE STATE OF MONTANA

## NO. _____ AF 06-0377

---

## IN THE MATTER OF THE RULES FOR PRIVACY AND PUBLIC ACCESS TO COURT RECORDS IN MONTANA

Honorable Russell C. Fagg, Honorable Ingrid Gustafson, Honorable G. Todd Baugh, Honorable Susan P. Watters, Honorable Gregory Todd, W. Corbin Howard, and P. Mars Scott, Petitioners.

---

## PETITION FOR ORIGINAL JURISDICTION AND ORDER

---

## PETITIONERS

**Honorable Russell C. Fagg**
District Judge
Thirteenth Judicial District Court
P.O. Box 35027
Billings, MT 59103
(406) 256-2906
Fax: (406) 256-2736
Email: rfagg@mt.gov

**Honorable Ingrid Gustafson**
District Judge
Thirteenth Judicial District Court
P.O. Box 35029
Billings, MT 59103
(406) 256-2916
Fax: (406) 256-2736
Email: igustafson@mt.gov

**Honorable G. Todd Baugh**
District Judge
Thirteenth Judicial District Court
P.O. Box 35042
Billings, MT 59103
(406) 256-2922
Fax: (406) 256-2736

**Honorable Susan P. Watters**
District Judge
Thirteenth Judicial District Court
P.O. Box 35028
Billings, MT 59103
(406) 256-2911
Fax: (406) 256-2736
Email: swatters@mt.gov

**Honorable Gregory Todd**
District Judge
Thirteenth Judicial District
P.O. Box 35026
Billings, MT 59103
(406) 256-2901
Fax: (406) 256-2736
Email: gtodd@mt.gov

**W. Corbin Howard**
Attorney at Law
3860 Avenue B, Suite C
Billings, MT 59102
(406) 248-9244
Fax (406) 248-6384
Email:corbinhoward@corbinhoward.com

**P. Mars Scott**
P. Mars Scott, P.C.
P.O. Box 5988
Missoula, MT 59806
(406) 327-0600
Fax: (406) 728-0948
Email: pmarsscott@pmarsscott.com

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## NO. _____

---

## IN THE MATTER OF THE RULES FOR PRIVACY AND PUBLIC ACCESS TO COURT RECORDS IN MONTANA

Honorable Russell C. Fagg, Honorable Ingrid Gustafson, Honorable G. Todd Baugh, Honorable Susan P. Watters, Honorable Gregory Todd, W. Corbin Howard and P. Mars Scott, Petitioners.

---

## PETITION FOR ORIGINAL JURISDICTION AND ORDER

---

## SUMMARY

The *Rules For Privacy and Public Access to Court Records in Montana* (hereinafter "*Access Rules*") establish the policy and rules of this Court to govern a computerized electronic filing system that does not yet exist. In its Order of February 13, 2007 issued IN THE MATTER OF ADOPTING OF THE RULES FOR PRIVACY AND PUBLIC ACCESS TO COURT RECORDS IN MONTANA in Case No. AF 06-0377 (hereinafter "*February 13, 2007 Order*") adopting the *Access Rules* this Court recognized that some of the rules should

become applicable "… *only when the technology contemplated by the rule or part thereof becomes available.*" Rule 4.00, however, applies these Rules to <u>all</u> records, including paper filings, for example. The technology for compliance with these Rules efficiently simply does not exist. Applying these Rules to litigants, courts, clerks and the public before computer software and hardware are available to efficiently comply with the Rules will be extremely burdensome and will harm our system of justice. As will appear more specifically below, Petitioners respectfully request this Court:

I.      Assume original jurisdiction.

II.     Amend its *February 13, 2007 Order* as specified in Paragraph 11 below.

III.    Temporarily suspend the application of Section 4.00 of the *Access Rules* as further specified in Paragraph 11 below.

IV.     Amend its *February 13, 2007 Order* to provide for supplemental orders to be issued later as further specified in Paragraph 6(a) below.

V.      Issue its Order extending the period for public comment on the *Access Rules* for a reasonable time.

# PETITION

The Petitioners allege as follows:

1. This action is brought as an original proceeding in the Supreme Court of the State of Montana pursuant to Article 7, Section 2 of the Constitution of the State of Montana (1972) which provides that the Supreme Court has original jurisdiction to make rules governing practice before all courts and to regulate the conduct of legal proceedings, and pursuant to Rule 14, Montana Rules of Appellate Procedure. The Montana Supreme Court is empowered by the Constitution of Montana to issue and amend from time to time, rules governing legal proceedings before the lower courts.

2. On February 13, 2007, the Supreme Court of Montana, as part of its authority to govern the practice of law in the State of Montana, ordered the adoption of *Rules for Privacy and Public Access to Court Records in Montana* (hereinafter "*Access Rules*"). The *February 13, 2007 Order* specified that:

   a. The *Access Rules* represent the "…comprehensive policy and rules to govern <u>electronic access to Montana's Court records</u>." See Order, page 1 (Emphasis supplied).

b. The *Access Rules* were drafted "…within the context of two fundamental rights guaranteed under Montana's Constitution: the Public's Right to Know, Article II, Section 9, and the Right of Individual Privacy, Article II, Section 10." See Order, page 1.

c. "The Rules shall become effective December 31, 2007, recognizing that certain rules or parts thereof may become applicable only when the technology contemplated by the rule or part thereof becomes available to the courts." See Order, page 2.

3. The Montana Supreme Court Commission on Technology adopted its *Montana Judicial Branch – Information Technology Strategic Plan – 2006* (hereinafter "*Strategic Plan*") in September, 2006. The *Strategic Plan* provides for the development and implementation of the electronic filing system contemplated by the *Access Rules* over a four-year period. According to the *Strategic Plan*, from fiscal year 2008 through 2011 the Court will:

a. Create and implement computerized information systems complying with the *Access Rules* to file and provide access to litigants, lawyers, courts and the public in electronic form. See Objective 2.6.5, page 19

of *Montana Judicial Branch – Information Technology Strategic Plan – 2006.*

b. Create Access Rule training programs. See Objective 2.6.4, page 19 of *Montana Judicial Branch – Information Technology Strategic Plan – 2006.*

4. Petitioners Russell C. Fagg, Ingrid Gustafson, G. Todd Baugh, Gregory Todd and Susan P. Watters are District Court Judges in the Thirteenth Judicial District of the State of Montana.

5. Petitioners W. Corbin Howard and P. Mars Scott are attorneys licensed to practice law before the Montana Supreme Court.

6. Petitioners believe and therefore allege as follows:

a. The *February 13, 2007 Order* states that "… certain rules or parts thereof may become applicable only when the technology contemplated by the rule or part thereof becomes available to the courts." Petitioners respectfully request the Order be clarified by:

i. A supplemental order specifying which rules or parts of rules are not applicable on December 31, 2007 and which become applicable later.

ii. A supplemental order or orders to be issued after technology becomes available, specifying a later date certain when the rules having delayed effect shall become applicable.

iii. A supplemental order or orders specifying to what districts the rules having delayed effect shall become applicable.

b. All of the petitions, complaints, answers, motions, affidavits, briefs and orders of the District Courts in the Thirteenth Judicial District Court ("documents") are filed in the records maintained by the District Court with the Clerk of District Court solely in paper form.

c. No technology is currently available to the District Courts or attorneys practicing before the District Courts for any of these documents to be filed in electronic form. According to the *Strategic Plan*, the software, procedures and training necessary to implement filing in electronic form will occur within the next four years.

d. No procedures exist for complying with the *Access Rules*. Neither the Task Force appointed by the Commission on Technology nor any other commission or task force has been authorized by the Montana Supreme Court to establish procedures or adopt official forms to

establish how litigants, their lawyers, clerks or judges are to comply with the *Access Rules*, particularly in a <u>paper-based</u> filing system.

e. Although some paper documents filed before the District Courts contain information described in Section 4.50(c) of the *Access Rules* (social security numbers, full birth dates, full names of children and full financial account numbers, hereinafter referred to as "*§4.50(c) information*"), Petitioners are not aware of a single case of "identity theft" traceable to the examination of documents in paper form. <u>The danger posed to individual's privacy interests is very low in the existing paper-based filing system</u> for the following reasons:

    i. The documents are part of an enormous volume of paper filings. Some contain *§4.50(c) information*, but many contain <u>no</u> *§4.50 (c) information*. As the Court noted in its *Strategic Plan*:

        1. There were 38,619 cases filed before the District Courts of Montana in 2005.

        2. There were over 300,000 cases filed before Montana's Courts of Limited Jurisdiction in 2005.

3. Literally hundreds of thousands of pages of paper documents are filed before the Montana Courts each year.

ii. These paper documents are only available to the public by physical inspection at the Clerk of District Court's offices.

f. In practical terms, the danger to the privacy interests of Montana citizens posed by the presence of *§4.50 (c) information* in court documents is minimal <u>until technology allows filing – and accessing – those documents in electronic form.</u>

g. The application of the *Access Rules* to the current paper filing system will be greatly burdensome:

i. It will <u>greatly increase the volume of filed documents</u> in 2 ways:

1. Litigants must file two documents where now they file one: one document with *§4.50 (c) information* disclosed and sealed and a second document with *§4.50 (c) information* redacted.

2. Whenever an order containing *§4.50 (c) information*, must be issued by a court, the court must prepare two documents: an original with the *§4.50 (c) information*, file

the original in a sealed portion of the file, and prepare a second without the *§4.50 (c) information* for filing in the public portion of the file.

ii. The increase in volume of documents will:

    1. Increase the workload of Clerks of Court;

    2. Increase the workload of courts;

    3. Increase the legal fees of litigants represented by counsel for compliance with the *Access Rules* in a paper based system – with no offsetting efficiencies that are the very reason for moving to an electronic filing system.

iii. It will increase the number of self-represented litigants. Any increase in legal costs decreases the number of litigants who can afford to hire lawyers. Self-represented litigants generally take more of the District Court's time than litigants represented by lawyers. Self-represented litigants often are ineffective in using the legal system.

iv. It will increase the difficulty of self-represented litigants finding their way through the legal system.

v. It will require the development of two new sets of procedures and forms by district courts and attorneys within the next four years:

    1. One set of procedures and forms to comply with the *Access Rules* in a paper-based filing system; and

    2. A second set of procedures and forms to comply with the *Access Rules* as soon as electronic filing becomes available.

vi. It will require two sets of CLE's within the next four years:

    1. Training for attorneys and court personnel in procedures and forms to be used in complying with the *Access Rules* in the paper-based filing system; and

    2. Another round of training in a second set of forms and procedures for complying with the *Access Rules* as soon as electronic filing becomes available.

vii. It will substantially slow the daily administration of justice in the Montana courts both before the district courts and before

courts of limited jurisdiction before the technology becomes available for full electronic filing.

7. The *February 13, 2007 Order* noted that a previous draft of the *Access Rules* had been submitted for public comment and that public comment period had expired on August 23, 2006. Petitioners respectfully request that the period for public comment be reopened for a reasonable time for the following reasons:

    a. Petitioners and others in the court system have privately conducted numerous discussions and worked very hard to develop forms and procedures for complying with the *Access Rules*.

    b. It has been in the course of attempting to develop the practical application of the *Access Rules* that the concerns and difficulties set forth in paragraph 6 have come to light.

    c. While Petitioners do not make this request lightly, they respectfully suggest that an additional period for comment would provide an opportunity for what has been active and ongoing <u>private</u> discussions to be conducted in a <u>public forum with full access of the public</u> to the entire process of developing forms and procedures.

8. Petitioners, Judges and lawyers similarly situated, litigants, jurors, witnesses, victims and others whose personal information appears in the records of District Courts and Courts of limited jurisdiction throughout the State of Montana have no other adequate remedy at law. The Task Force appointed by the Commission on Technology has no authority to define specific procedures for compliance with the *Access Rules* and no authority to amend or suspend any portion of the *Access Rules*.

9. Requiring full compliance with the *Access Rules* intended for an electronic-based filing system in a <u>paper-based filing system</u> will harm the public interest.

10. Requiring full compliance with the *Access Rules* in a <u>paper-based</u> filing system which renders the administration of justice less efficient also violates the letter and in spirit of the Rules of Civil Procedure which is to seek "...*to secure the just, speedy, and inexpensive determination of every action.*" Rule 1, Mont. R. Civ. P.

11. The Supreme Court of Montana should assume original jurisdiction of this matter since it exclusively controls and regulates the practice of law in Montana. The issues raised herein have impact of major importance on a

statewide basis. The issues raised herein affect all courts, litigants and attorneys throughout Montana similarly situated. The issues involved are of common or general interest of many persons. The persons affected thereby are numerous and it is impractical to bring them all before the Court. For these reasons, the Petitioners file this Application on their own behalf and for the benefit of all persons similarly situated and affected by the *Access Rules*.

12. The petitioners seek an order temporarily suspending the application of the *Access Rules* until computer software and hardware are available to efficiently comply with the Rules. To that end, Petitioners respectfully request the following:

   a. That this Court amend its *February 13, 2007 Order* issued IN THE MATTER OF ADOPTING RULES FOR PRIVACY AND PUBLIC ACCESS TO COURT RECORDS IN MONTANA filed as Case No. AF 06-0377 to provide that:

      i. **IT IS ORDERED THAT** the Rules for Privacy and Public Access to Court Records in Montana (the Rules) attached hereto as Exhibit "A" are adopted. The comments to the Rules are not adopted as rules but are provided for interpretational guidance

only. The Rules shall be effective <u>after</u> December 31, 2007, <u>and</u> after ~~recognizing that certain rules or parts thereof may become applicable only when~~ <u>the full electronic filing and access information systems technology contemplated by Objective 2.6.4 and 2.6.5. of the Montana Judicial Branch – Information Technology Strategic Plan – 2006 are available to provide public access to court records while shielding confidential information under Section 4.50 and Section 4.60 below, from public view.</u> ~~the rules or part thereof becomes available to the courts.~~

b. That this Court suspend the application of Section 4.00 of the *Access Rules* until the full electronic filing and access information systems technology contemplated by Objective 2.6.4 and 2.6.5. of the Montana Judicial Branch – Information Technology Strategic Plan – 2006 are available to provide public access to court records while shielding confidential information under Section 4.50 and Section 4.60 from public view.

c. That this Court later issue a supplemental order or orders as requested in paragraph 6 (a) above.

13. Petitioners request that the Court accept jurisdiction of this matter, issue its temporary order suspending the application of the *Access Rules* as set forth above, and provide such further notice and request such further commentary from the bench and bar as is appropriate.

**WHEREFORE**, petitioners pray as follows:

I. That the Supreme Court of Montana assume original jurisdiction.

II. That the Supreme Court of Montana amend its Order of February 13, 2007 IN THE MATTER OF ADOPTING OF THE RULES FOR PRIVACY AND PUBLIC ACCESS TO COURT RECORDS IN MONTANA in Case No. AF 06-0377 as requested in Paragraph 11 above.

III. That the Supreme Court of Montana temporarily suspend the application of Section 4.00 of the Rules for Privacy and Public Access to Court Records in Montana as requested in Paragraph 11 above.

IV. That the Supreme Court of Montana amend its Order of February 13, 2007 to provide for the following supplemental orders to be issued later:

a.  A supplemental order specifying which rules or parts of rules are <u>not</u> applicable on December 31, 2007 and which become applicable <u>later</u>.

b.  A supplemental order or orders to be issued after technology becomes available, specifying a later date certain when the rules having delayed effect shall become applicable.

c.  A supplemental order or orders specifying to what districts the rules having delayed effect shall become applicable.

V.  That the Supreme Court of Montana issue its Order extending the period for public comment on the *Access Rules* for a reasonable time.

VI.  For such other and farther relief as to this Court shall seem just and equitable.

Dated: 12/12/07

Honorable Russell C. Fagg, Petitioner
District Judge
Thirteenth Judicial District
P.O. Box 35027
Billings, Montana 59103
(406) 256-2906
Fax: (406) 256-2736
Email: rfagg@mt.gov

Dated: 12/12/2007

Honorable Ingrid Gustafson, Petitioner
District Judge
Thirteenth Judicial District
P.O. Box 35029
Billings, Montana 59103
(406) 256-2916
Fax: (406) 256-2736
Email: igustafson@mt.gov

Dated: 12 Dec. 2007

Honorable G. Todd Baugh, Petitioner
District Judge
P.O. Box 35042
Billings, Montana 59103
(406) 256-2922
Fax: (406) 256-2736

Dated: 12/12/07

Honorable Susan P. Watters, Petitioner
District Judge
Thirteenth Judicial District
P.O. Box 35028
Billings, Montana 59103
(406) 256-2911
Fax: (406) 256-2736
Email: swatters@mt.gov

Dated: 12·12·07

Gregory R. Todd

Honorable Gregory Todd, Petitioner
District Judge
Thirteenth Judicial District
P.O. Box 35026
Billings, Montana 59103
(406) 256-2901
Fax: (406) 256-2736
Email: gtodd@mt.gov

Dated: 12/11/2007

W. Corbin Howard, Petitioner
Attorney at Law
3860 Avenue B, Suite C
Billings, Montana 59102
(406) 248-9244
Fax: (406) 248-6384
Email:
corbinhoward@corbinhoward.com

Dated: 12/18/2007

P. Mars Scott, Petitioner
P. Mars Scott, P.C. Law Offices
2920 Garfield , Suite 200
P.O. Box 5988
Missoula, Montana 59806
(406) 327-0600
Fax: (406) 728-0948
Email: pmarsscott@pmarsscott.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___19th___ day of December, 2007, a true and correct

copy of the foregoing was served by placing a copy in the U.S. Mail, first class

postage prepaid and addressed to the following:

> Judy Meadows
> State Law Librarian
> P.O. Box 203004
> Helena, MT 59620-3004
> Co-Chair of Task Force, Montana Supreme Court Commission
> on Technology

Dated: ___December 18, 2007___

**P. Mars Scott, Petitioner**

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 14 and Rule 11 of the Montana Rules of Appellate Procedure,

I certify that this Petition is printed with a proportionately spaced Times

Roman text typeface of 14 points; is double spaced; and the word count

calculated by Microsoft Word is not more than 5,000 words, excluding the

certificate of service and certificate of compliance.

Dated: ___12/11/2007___

**W. Corbin Howard, Petitioner**